# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Shawn Charbonneau, | Civil Action No.: 6:13-cv-00276 |
| Plaintiff, | |
| v. | |
| GC Services, L.P., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Shawn Charbonneau, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, *et seq.* (the "TDCA"), in its illegal efforts to collect a consumer debt.

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.   Plaintiff, Shawn Charbonneau ("Plaintiff"), is an adult individual residing in Gatesville, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant, GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt

collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.     Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,700.00 (the "Debt") to United States Department of Education (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

9.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     GC Engages in Harassment and Abusive Tactics**

10.    Within the last year, GC placed daily calls to Plaintiff's cellular phone in an attempt to collect the Debt.

11.    During the initial phone conversation, Plaintiff informed GC that he could not afford to pay the Debt as he had just been furloughed at work.

12.    Despite knowing Plaintiff's employment situation, GC continued to hound Plaintiff with calls.

13.    In addition, GC threatened to garnish Plaintiff's wages if the Debt was not paid immediately.  At the time this statement was made, GC had not sent Plaintiff a notice of intent to garnish as required by law.

14.    Moreover, despite having spoken with Plaintiff, GC left several messages with Plaintiff's mother stating that Plaintiff needed to return its calls.

**C.      Plaintiff Suffered Actual Damages**

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted Plaintiff's mother for purposes other than to confirm or correct location information.

19.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

20.     Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

21.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22.     Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened Plaintiff with garnishment if the Debt was not paid.

23.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

28. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

29. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

30. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin.

   Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 30, 2013

            Respectfully submitted,

            By:  */s/ Sergei Lemberg*

            Sergei Lemberg, *Attorney-in-Charge*
            Connecticut Bar No. 425027
            LEMBERG & ASSOCIATES L.L.C.
            1100 Summer Street, 3rd Floor
            Stamford, CT 06905
            Telephone: (203) 653-2250
            Facsimile:  (203) 653-3424
            E-mail: slemberg@lemberglaw.com
            Attorneys for Plaintiff